R. E. Alcock, for the use, &c. *v.* John McKain.

*The special endorsee of a bill or note, may disregard all posterior endorsements, even though special, and avail himself of the possession of the instrument to sue the maker.*

APPEAL from the District Court of Morehouse, *Richardson*, J.
*McGuire & Ray*, for plaintiff and appellant. *Todd & Brigham*, for defendant.

Spofford, J. There was judgment in favor of the defendant in a suit upon a promissory note of which he was maker, and the plaintiff has appealed.

The defendant relies, in part, upon a plea of prescription. The plea is repelled by the testimony of two witnesses, disclosing acknowledgment by the defendant.

But it is contended that the evidence of one of these witnesses was inadmissible, because he failed to answer, fully, one of the defendant's cross interrogatories, and also to annex certain extracts from his commercial books. It does not appear that the witnesses' books contained any such entries as were sought to be extracted by the interrogatory. All the cross interrogatories purport to have been answered. If they were answered evasively, the fact would go to the credit of the witness, not to the admissibility of his deposition. But there is no evasion made palpable. Nor can we conclude that the witness is rendered unworthy of belief by the evidence that *Gribble & Montgomery* once sold a small lot of cotton for the account of *John McKain*. It does not necessarily result from that circumstance, that *John McKain* himself shipped the cotton to them, the point to which the witness was interrogated.

It is also argued by the appellee, that the plaintiff cannot recover, because, being himself a special endorsee of the note sued upon, he had endorsed it once in full to the cashier of the Louisiana State Bank, from whom no re-transfer, to himself, was shown.

The more recent doctrine of the court is, that under circumstances like these, the endorser of a bill or note, may disregard all posterior endorsement, even though special, and avail himself of his possession of the instrument to sue the maker, it being presumed that, upon protest for non payment, it had been remitted to him by the subsequent parties whom he was bound to indemnify. See *Squiers* v. *Stockton*, 5 Ann., 120; *Henrie* v. *Baily*, 17 La., 217.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed; and it is, now ordered, adjudged and decreed, that the plaintiff recover of the defendant, the sum of five hundred and fifty-three dollars and nine cents, with five per cent. interest thereon, from the 27th of February, 1850, until paid, and three dollars costs of protest and the costs of suit in both courts.